IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOYCE PHILLIPS
17 Shackamaxon Drive
Hamilton Square, NJ 08690,
Individually and on behalf of all others similarly situated,

        Plaintiff,

        v.

COMCAST SPECTACOR, L.P.
3601 South Broad Street
Philadelphia, PA 19148,

        Defendant.

CIVIL ACTION NO. _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Comcast Spectacor, L.P. ("Comcast Spectacor") hereby removes this action from the Superior Court of Mercer County, New Jersey to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, all as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 4 ("CAFA"). The grounds for removal are as follows:

    1.    On May 4, 2012, Plaintiff Joyce Phillips filed a complaint (the "Complaint") against Comcast Spectacor in the Superior Court of Mercer County, New Jersey. (A true and correct copy of the Complaint is attached hereto as Exhibit A). Comcast Spectacor agreed to accept service of the Complaint on May 15, 2012. (A true and correct copy of the Acknowledgment of Service is attached hereto as Exhibit B). No other pleadings have been filed in the state court action.

    2.    Removal of this action is authorized by 28 U.S.C. § 1441 and CAFA.

3. The Complaint was filed on behalf of Plaintiff and a putative class consisting of:

> [A]ll purchasers of a Flyers Full Season Ticket Package holders for the 2011-2012 season (except Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant).

(Compl. ¶ 49).

4. Under 28 U.S.C. § 1453, "[a] class action may be removed to a district court in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought. . . ."

5. Under 28 U.S.C. Section 1446(b), a Notice of Removal must be filed within 30 days of service on the defendant of the initial pleading. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-49 (1999) (clarifying that time for removal is triggered by formal service). This requirement is met here because this Notice is being filed within 30 days of May 15, 2012, when Comcast Spectacor accepted service of the Complaint.

6. Under 28 U.S.C. Section 1441, a defendant may remove a case over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331.

7. Section 1332(d)(2)(A) provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action which any member of a class of plaintiffs is a citizen of a State different from any defendant." As explained below, the requirements of Section 1332(d)(2)(A) are met here.

8. As noted above, this action is being brought as a putative class action.

9. In addition, the minimum diversity standard of Section 1332(d)(2) is met. Plaintiff is a citizen of New Jersey. (Compl. ¶ 2). Comcast Spectacor is a citizen of those states

where its general and limited partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The general and limited partners of Comcast Spectacor, L.P. are citizens of the following states: Ed Snider (citizen of Pennsylvania); Bryn Mawr Realty Corporation (citizen of Pennsylvania due to state of incorporation and principal place of business); Comcast Spectacor Holding Company, Inc. (citizen of Delaware due to state of incorporation; and citizen of Pennsylvania due to principal place of business). (Decl. of P. Weinberg, attached hereto as Exhibit C, ¶ 3). Thus, Plaintiff (and many other putative class members) are citizens of states different from those of the general and limited partners of Comcast Spectacor.

10. The $5,000,000 requirement of Section 1332(d)(2)(A) also is met here. The gravamen of Plaintiff's allegations is that Comcast Spectacor formed a contract with Flyers full season ticket-holders to provide tickets to 44 regular season "home" games, which Comcast Spectacor failed to do. Plaintiff claims that when Comcast Spectacor instead provided such season ticket-holders with tickets to only 43 regular season games at the usual "home" venue and the opportunity to buy a ticket to a special "Winter Classic" game and related events, at a place other than the usual "home" venue, and at a price much higher than the price of a ticket to a regular "home" game (Compl. ¶¶ 24-32), the alleged contract was breached and the New Jersey Consumer Protection Act was violated. Thus, Plaintiff's theory of damages appears to be that full season ticket-holders were damaged (Plaintiff admits that refunds of the ticket price for the 44th game that did not take place at the usual "home" venue were made) in the amount they had to pay for a Winter Classic Game ticket (together with the prices of tickets to the two related events that were required to be purchased with the Winter Classic game ticket, if one elected to purchase the Winter Classic ticket) over and above what they would have had to pay for a regular season "home" game ticket. (*Id.*). Comcast Spectacor vehemently disputes that the facts

give rise to any liability in this action, but were the putative class to recover based on the Complaint's theory of damages, the aggregate amount of treble damages to the putative class could be at least $10,000,000 before adding attorneys' fees. (Decl. of C. Stutman, attached hereto as Exhibit D, ¶¶ 3-5).

11. The law is clear that treble damages and statutory attorneys' fees are taken into account when calculating the amount in controversy. *Landmark & Funk PC v. Skinner-Strauss Assocs.*, 640 F.3d 72, 79 (3d Cir. 2011) (treble damages); *Chrysler Corp. v. Kontinental Koaches, Inc.*, 104 F.3d 575, 585 (3d. Cir. 1997) (attorneys' fees). Here, one of Plaintiff's claims is under the New Jersey Consumer Fraud Act, pursuant to which an award of treble damages and attorney's fees is mandatory in the event a plaintiff prevails. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 465 (N.J. 1994). ("an award of treble damages and attorneys' fees is mandatory . . . if a consumer fraud plaintiff proves both an unlawful practice under the Act and an ascertainable loss.").[1] In addition, an award of attorneys' fees would only increase the amount in controversy. As such, the $5,000,000 threshold of Section 1332(d)(2) is met here.

12. Under Section 1332(d)(3) and (4), there are various circumstances under which a district court either has discretion to decline to exercise jurisdiction under Section 1332(d)(2), or is required to decline to exercise jurisdiction under Section 1332(d)(2). However, Sections 1332(d)(3) and (4) may be triggered only when at least one-third of the number of putative class members are citizens of the state in which the action originally was filed. Here, only 28.36% of the putative class members are citizens of New Jersey. (Decl. of C. Stutman ¶ 6). Therefore, Sections 1332(d)(3) and (4) are not applicable in this case.

---

[1] Comcast Spectacor does not concede that the New Jersey Consumer Fraud Act applies in this case. However, the requirements for diversity jurisdiction are determined from the face of the complaint. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

13. Defendant is filing on this same date (June 14, 2012) a written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

14. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

Dated: June 14, 2012

/s/ John B. Kearney
John B. Kearney, Esquire
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
Telephone: (856) 761-3482
kearneyj@ballardspahr.com

*Attorneys for Defendant,
Comcast Spectacor, L.P.*