UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

JOYCE PHILLIPS, GARY MENGLE, and JOHN BAKLEY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

COMCAST SPECTACOR, L.P.,
PHILADELPHIA FLYERS, L.P.,
PHILADELPHIA FLYERS, L.L.C.,
GLOBAL SPECTRUM, L.P.,
NATIONAL HOCKEY LEAGUE
ENTERPRISES, L.P.,
JOHN AND JANE DOES 1-10, and
ABC CO., CORP., LLC, LLP, LP 1-10

Defendants.

CIVIL ACTION NO. 3:12-cv-03606-MAS-DEA

RECEIVED

DEC 13 2013

AT 8:30 _____ M
WILLIAM T WALSH CLERK

# [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING PROPOSED NOTICE, PROVISIONAL SETTLEMENT CLASS, PROVISIONAL CLASS CO-COUNSEL AND SCHEDULING FAIRNESS HEARING

The Court, having reviewed and considered the Motion for an Order Preliminarily Approving Class Action Settlement, Approving Proposed Notice, Settlement Class, Provisional Class Co-counsel and Scheduling Fairness Hearing, and good cause appearing, hereby GRANTS the Motion, and further finds and orders as follows:

1. Plaintiffs Joyce Phillips, Gary Mengle, and John Bakley, individually, and on behalf of a class and/or proposed class are referred to herein as "Plaintiffs".

2. Defendants Comcast Spectacor, L.P., Philadelphia Flyers, L.P., Philadelphia Flyers, L.L.C., Global Spectrum, L.P. are referred to herein as the "Flyers Defendants." Defendant National Hockey League Enterprises, L.P. is referred to herein as "NHLE." Collectively, the Flyers Defendants and NHLE are referred to herein as "Defendants." (Defendants and Plaintiffs are collectively referred to as the "Parties")

3. The Parties have agreed upon the terms and conditions of the settlement, as set forth in the Class Action Stipulation of Settlement, dated December 11, 2013, which has been filed with the Court.

4. The Recitals in the Class Action Stipulation of Settlement are hereby incorporated as though fully set forth in this Order, and except where otherwise noted, defined terms shall have the meanings attributed to them in the Class Action Stipulation of Settlement.

5. The Court has carefully reviewed the Class Action Stipulation of Settlement, as well as the files, records, and proceedings to date in the Action.

6. Because the settlement meets the standards for preliminary approval, the terms of the settlement as set forth in the Class Action Stipulation of Settlement, including preliminary approval of the Settlement Class which meets the requirements of Rule 23(a) and 23(b)(3), are preliminarily approved as being fair, reasonable, and adequate. The Settlement Class is certified on a preliminary basis and for settlement purposes only as follows:

> All natural persons or entities who purchased from Defendants, or any of them, Philadelphia Flyers Full Season Ticket packages for the 2011-2012 National Hockey League season, and paid for such packages in full, except for: (i) Defendants' subsidiaries, directors, agents, attorneys, accountants, consultants, and employees, and (ii) the Court and its employees.

Excluded from the Settlement Class are any and all Settlement Class members who timely and validly request exclusion from the Settlement Class and any person or entity that has heretofore obtained a judgment on a claim that is covered by the releases in the Class Action Stipulation of Settlement.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement of the claims of the Plaintiffs and the Class Members is subject to Court approval.

8. Plaintiffs have investigated the facts and law relating to the matters alleged in their Second Amended Complaint, including by conducting extensive discovery, motion practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal(s).

9. The underlying settlement was reached in good faith and as a result of extensive arm's length negotiations between counsel for Plaintiffs, on the one hand, and counsel for Defendants, on the other hand, following settlement conferences, including sessions with Magistrate Judge Douglas E. Arpert.

10. The Class Action Stipulation of Settlement confers substantial benefits upon the Plaintiffs and the Class Members, particularly in light of the damages that the Plaintiffs and Plaintiffs' Counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks and expenses associated with continued litigation, trial, and/or appeal(s).

11. A Fairness Hearing shall be held before this Court at **10:00 a.m.** on **March 24, 2014**, to determine whether the Class Action Stipulation of Settlement should be approved as fair, reasonable, and adequate, and to determine whether the Class Action Final Order and Judgment (Exhibit C to the Class Action Stipulation of Settlement) should be entered dismissing the Class Action with prejudice as against Defendants and the Released Parties. The Court will also consider Class

Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time.

12. Papers in support of final approval of the Class Action Stipulation of Settlement and approval of the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 23 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.

13. After the Fairness Hearing, the Court may enter the Class Action Final Order and Judgment (Exhibit C to the Class Action Stipulation of Settlement) in accordance with the Class Action Stipulation of Settlement.

14. Pending the Fairness Hearing, all proceedings in the Action relating to Defendants, other than proceedings necessary to carry out or enforce the terms and conditions of the Class Action Stipulation of Settlement and this Order, are stayed.

15. Notice of the Settlement and of the Fairness Hearing shall be provided to the Class Members as follows:

    a. Promptly after the Court preliminarily approves the Class Action Settlement, or within ten (10) days of this Order preliminarily approving the Class Action Settlement, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court-approved preliminary approval order, the Flyers Defendants shall, on December 23, 2013, provide a complete list of Class Members to Class Counsel to be designated as "Confidential" under the Protective Order entered in the Action.

    b. Further, at the same time, Flyers Defendants will, at their expense, serve the Settlement Class Members with the settlement notice via electronic mail (with confirmation of receipt requested) substantially in the form attached as **Exhibit B** to the Class Action Stipulation of Settlement (the "Class Notice"). Disputes over the terms, timing and manner of the

Class Notice will be referred to Magistrate Judge Douglas E. Arpert for a binding resolution. To the extent the Flyers Defendants have a Class Member's electronic mail address, they shall serve the Class Notice using electronic mail as the method of service with a confirmation of receipt requested, or absent the use of electronic mail, the Flyers shall use first class U.S. mail to the Class Member's last known address as the method of service.

c. Further, within ten (10) days of the filing of the motion for preliminary approval and, at the same time as service of the Class Notice, the Flyers Defendants shall serve upon the Attorneys General of those states in which Class Members reside, and the United States Attorney General, the Class Notice and all other documents required by the Class Action Fairness Act of 2005 ("CAFA").

16. The Court approves, as to form and content, the Class Notice, attached as Exhibit B, to the Class Action Stipulation of Settlement.

17. The Court finds that the Class Notice is reasonable, and that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the manner of dissemination of the Class Notice described herein complies with Rule 23(d) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to the Class Members. The Court also finds that the manner of dissemination of the Class Notice described in this Order complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the Class Members of the terms of the Settlement, and their right to object to the Settlement. At or before the

Fairness Hearing, The Flyers Defendants shall file with the Court proof of dissemination of the Class Notice. Within thirty (30) days of the filing of this Order, Defendants' Counsel shall file with the Court proof of compliance with CAFA.

18. Within seven (7) days of the Effective Date as defined in paragraph 16 of the Class Action Stipulation of Settlement, or within seven (7) days of Final Approval as defined in paragraph 14 of the Class Action Stipulation of Settlement (whichever is chosen at the election of the Flyers Defendants), the Flyers Defendants shall send Settlement Class Members via electronic mail (or via U.S. first class mail to a Settlement Class Member's last known address if the Flyers Defendants do not have a working email address for the Settlement Class Member) a form requesting Settlement Class Members to make an election between the two types of Flyers vouchers (Orange or Black) for each season ticket held during the 2011-2012 Flyers season, and for any Black Voucher elected, a further election as to which of the available fan experiences the Settlement Class Member desires. Settlement Class Members shall have sixty (60) days from such mailing to return their completed election forms.

19. Within fourteen (14) days of the Flyers Defendants' receipt of a Settlement Class Member's completed election form, the Flyers Defendants shall send the Class Members via U.S. first class mail a Flyers Voucher (or, if applicable, Vouchers) per the Settlement Class Member's election. Absent an appeal, or stay of implementation of the Settlement, the Flyers' Vouchers shall be redeemable only during the Philadelphia Flyers' 2013-2014 and 2014-2015 seasons, including the period of all exhibition, regular season, and post-season games during such seasons (the "Voucher Redemption Period.") The Voucher Redemption Period shall be extended in the event there is an appeal or stay of the implementation of the Settlement Agreement so that the Voucher Redemption

6

Period shall in no event be shorter than the time period which would have occurred in the absence of any appeal that extends the Effective Date.

20. Any Class Member may object to the Settlement contained in the Class Action Stipulation of Settlement, the entry of the Class Action Final Order and Judgment, and/or the amount of fees requested by Class Counsel in the Fee Application. Any Class Member who intends to object to the Settlement must file with the Court a written objection and/or opposition brief not later than February 20, 2014, seventy (70) days after the entry of this Order, and must serve a copy of the written objection and/or brief by fax, U.S. first class mail, or e-mail to Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below, postmarked (or the equivalent for fax or e-mail) not later than seventy (70) days after the entry of this Order. Objections must be served:

**Upon the following:**

| FOR THE COURT TO:<br>Clerk of the Court<br>United States District Court<br>District of New Jersey<br>Clarkson S. Fisher Federal Bldg. & U.S. Courthouse<br>402 East State Street<br>Trenton, NJ 08608 | FOR PLAINTIFFS' COUNSEL TO:<br>Derek G. Howard<br>Minami Tamaki, LLP<br>360 Post Street, 8th Floor<br>San Francisco, CA 94108 |
|---|---|
| FOR DEFENDANT NHL ENTERPRISES, L.P. TO:<br>Shepard Goldfein<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | FOR DEFENDANTS COMCAST SPECTACOR, L.P., PHILADELPHIA FLYERS, L.P., PHILADELPHIA FLYERS, L.L.C. AND GLOBAL SPECTRUM, LP TO:<br>M. Norman Goldberger<br>Ballard Spahr, LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 |

|  |  |
|--|--|
|  |  |

21. Class Members who object must set forth their full name, current address, telephone number, and signature. Objecting Class Members must state in writing all objections and the reasons for each objection. No Class Member's written objection or brief shall be received or considered by the Court at the Fairness Hearing (whether individually or through separate counsel), nor shall the Class Member be entitled to object to the Settlement unless a written objection and/or brief has been filed with the Court and a copy served on Plaintiffs' Counsel and Defendants' Counsel as set forth in Paragraph 20 of this Order.

22. Class Members who fail to file and serve timely written objections in the manner specified in this Order shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

23. Class Counsel shall file papers in support of final approval of the Settlement and their Fee Application not later than February 14, 2014.

24. Papers in response to objections to the Settlement and/or the Fee Application shall be filed with the Court not later than February 28, 2014.

25. In summary, the dates of performance are as follows:

    a. The Class Notice required to be sent by e-mail to the Class Members per the Stipulation of Settlement shall be sent **not later than December 23, 2013**;

    b. Plaintiffs' Counsel shall file their papers in support of final approval of the Settlement and their Fee Application **not later than February 14, 2014;**

8

c. All requests for exclusion from the Settlement shall be submitted **not later than February 6, 2014**;

d. All objections to the Settlement shall be filed and served **not later than February 20, 2014**;

e. Papers in response to objections to the Stipulation of Settlement and/or the Fee Application shall be filed with the Court **not later February 28, 2014;** and

f. The Fairness Hearing shall be held on **March 24, 2014 at 10:00 a.m.**

26. These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Class.

27. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Class Action Stipulation of Settlement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and other exhibits that they jointly agree are reasonable or necessary.

28. In the event the Class Action Stipulation of Settlement is not approved by the Court, or for any reason the Parties fail to obtain the Final Orders and Judgments, or any conditions for settlement specified in the Stipulation of Settlement are not met, or the Stipulation of Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

a. All orders and findings entered in connection with the Class Action Stipulation of Settlement shall be vacated and shall become null and void and shall have no force and effect whatsoever, shall not be used or

referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding; and

  b. The Parties shall cooperate in good faith to determine a reasonable pre-trial and trial schedule.

29. Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against any of the Defendants in this Action or the Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action or an admission, finding, or evidence that any requirement for class certification is otherwise satisfied, except for the enumerated purposes of this Order and the Class Action Stipulation of Settlement, or any actions or proceedings, whether civil, criminal, or administrative. Nothing in this Order or pertaining to the Class Action Stipulation of Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in the Action.

30. The Court preliminarily finds that Plaintiffs' Counsel, Minami Tamaki, LLP and Stern & Eisenberg, PC and Messina Law Firm, P.C., fairly and adequately represent the interests of the named Plaintiffs and the Settlement Class and hereby appoint them as Co-Class Counsel pursuant to Fed. R. Civ. P. 23(g).

31. The Court shall retain jurisdiction over the Action related to Defendants, the Parties, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court.

32. Until further Order of the Court, all activity in the Action, except to the extent necessary to effectuate the Class Action Stipulation of Settlement and to effectuate the entry of the Class Action Final Order and Judgment, shall be stayed.

IT IS SO ORDERED.

                                                                                              _____
                                                                                              Hon. Douglas E. Arpert
                                                                                              United States Magistrate Judge