## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOYCE PHILLIPS, GARY MENGLE, and JOHN BAKLEY, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO. 3:12-cv-03606-MAS- DEA |
| Plaintiffs, | : : | RECEIVED |
| v. | : : : | MAR 2 4 2014 |
| COMCAST SPECTACOR, L.P., PHILADELPHIA FLYERS, L.P., PHILADELPHIA FLYERS, L.L.C., GLOBAL SPECTRUM, L.P., NATIONAL HOCKEY LEAGUE ENTERPRISES, L.P., JOHN AND JANE DOES 1-10, and ABC CO., CORP., LLC, LLP, LP 1-10 | : : : : : : : : : | AT 8:30_____M WILLIAM T. WALSH CLERK |
| Defendants. | : : | |

---

## [SECOND PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ENTERING FINAL JUDGMENT, AND APPROVING FEES AND EXPENSES TO CLASS COUNSEL

The Motion by Plaintiffs in this action for final approval of the settlement with Defendants, entry of the Class Action Final Order and Judgment and Class Counsel's Motion for an award of attorneys' fees and costs came on for hearing on March 24, 2014.

The Court, having reviewed and considered the Motion, and good cause appearing, hereby GRANTS the Motion, and further finds and orders as follows:

1.      Plaintiffs Joyce Phillips, Gary Mengle, and John Bakley, individually and on behalf of a class and/or proposed class are referred to herein as "Plaintiffs."

1

2.      Defendants Comcast Spectacor, L.P., Philadelphia Flyers, L.P., Philadelphia Flyers, L.L.C., and Global Spectrum, L.P. are referred to herein as the "Flyers Defendants." Defendant National Hockey League Enterprises, L.P. is referred to herein as "NHLE" Collectively, the Flyers Defendants and NHLE are referred to herein as "Defendants."

3.      Plaintiffs, on the one hand, and Defendants, on the other hand (Defendants and Plaintiffs are collectively referred to herein as the "Parties"), have agreed to the terms and conditions of the Settlement as set forth in the Class Action Stipulation of Settlement, dated December 11, 2013, which has been filed with the Court.

4.      The Class Action Stipulation of Settlement and Amendment to Class Action Stipulation of Settlement ("Amendment") and exhibits are hereby incorporated as though fully set forth in this Order.  Except where otherwise noted, all capitalized terms used in this Class Action Final Order and Judgment shall have the meanings attributed to them in the Stipulation of Settlement, as amended.

5.      On December 12, 2013, the Court granted preliminary approval of the settlement and on March 14, 2014, the Court granted Preliminary Approval of the Amendment, without the need for further notice to Class Members because the Amendment represents an enhancement to the class recovery.

6.      In the Preliminary Approval Order, the Court approved the procedure for giving notice of the Settlement to Class Members, and approved the forms of notice, consistent with the requirements of Federal Rule of Civil Procedure 23.  Further, in light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court exercised its discretion

2

in accordance with Rule 23 and applicable law to preclude Class Members from having a second opportunity to exclude themselves from the Class in connection with the Settlement proceedings. The Court-approved notice program has occurred.

7.     The Court held a duly noticed Final Fairness Hearing on March 24, 2014 to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable, and adequate; (2) whether the Class Action Final Order and Judgment should be entered dismissing the Plaintiffs' complaint with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel and whether Plaintiffs should receive incentive payments.

8.     The Court has personal jurisdiction over Defendants, the Plaintiffs, and all Class Members, and has subject-matter jurisdiction over the Class Action, including, without limitation, jurisdiction to approve the proposed Settlement, to settle and release all claims arising out of the transactions alleged in the Plaintiffs' complaint, and to dismiss the Class Action on the merits and with prejudice.

9.     The Court has determined that the proposed Settlement, as amended, as well as the release of Defendants and the Released Parties from the Released Claims, the significant relief provided to the Plaintiffs and the Class Members as described in the Class Action Stipulation of Settlement and Amendment, and the award of attorneys' fees and expenses requested, are fair, reasonable, and adequate.

10.     The electronic mailing of Class Notice, along with the sending of Class Notice via U.S. Mail where electronic mailing was not practicable, was in accordance with the terms of the Stipulation of Settlement and this Court's Preliminary Approval Order and:

3

a.      constituted the best practicable notice to Class Members under the circumstances;

b.      was reasonably calculated, under the circumstances, to apprise Class Members of (i) their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness or adequacy of the proposed Settlement and/or the award of attorneys' fees), (ii) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (iii) the binding effect of the Class Action Final Order and Judgment on all Class Members;

c.      constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

d.      fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

11.      The Flyers Defendants have filed with the Court, under oath, proof of electronic mailing or first class postal mailing of the Class Notice. Defendants' Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005 ("CAFA") establishing that the relevant State Attorneys General were advised of the settlement.

12.      The terms and provisions of the Class Action Stipulation of Settlement, as amended, including all Exhibits, have been entered into in good faith and are hereby fully and

finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Class Action Stipulation of Settlement, as amended, is fair, reasonable, and adequate based on the following factors, among other things:

    a.    the Settlement was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval;

    b.    the Settlement provides substantial and immediate benefits for the Class, as opposed to the expense and uncertainty of continued litigation. *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975);

    c.    based on the stage of the proceedings and the amount of investigation and pre- trial discovery completed, as well as the fact that they came to a settlement with the Court's assistance, the Parties have developed a sufficient factual record and adequate appreciation of the merits of the case to fully evaluate their chances of success at trial and the proposed Settlement; and

    d.    Class Counsel, who are highly skilled in class action litigation such as this, and the named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, all favor final approval; and

    e.    the Settlement provides meaningful relief to the Class, and certainly falls within the range of possible recoveries by the Class.

13.    The Court finds that the Class Notice was reasonable and that it constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the

5

requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. The Court

finds that the manner of dissemination of the Class Notice described in Paragraph 15 of its Order

Preliminarily Approving Class Action Settlement, Approving Proposed Notice, and Scheduling

Fairness Hearing of December 12, 2013 ("Preliminary Order") complied with Rule 23(d) of the

Federal Rules of Civil Procedure as it was a reasonable manner of providing notice to the Class

Members. The Court also finds that the manner of dissemination of the Class Notice described

in the Preliminary Order complied with Rule 23(c)(2), as it was also the best practicable notice

under the circumstances, provided individual notice to all Class Members who could be

identified through a reasonable effort, and was reasonably calculated, under all the

circumstances, to apprise the Class Members of the terms of the Settlement, and their right to

object to the Settlement. At or before the March 24, 2014 Fairness Hearing, the Flyers

Defendants filed with the Court proof of dissemination of the Class Notice and proof of

compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

14.     Class Members who failed to file and serve timely written objections in the

manner specified in Paragraphs 20 and 21 of the Preliminary Order are deemed to have waived

all objections and are foreclosed from making any objection (whether by appeal or otherwise) to

the Settlement.

15.     Class Counsel have timely filed papers in support of final approval of their Fee

Application.

16.     Nothing contained in this Order is, or may be construed as, a presumption,

concession or admission by or against the Defendants or the Plaintiffs of any default, liability, or

wrongdoing as to any facts or claims alleged or asserted in the Action or any actions or

6

proceedings, whether civil, criminal, or administrative. Nothing in this Order or pertaining to the Class Action Stipulation of Settlement and Amendment, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in the Action.

17.    It is ordered that a final judgment of dismissal shall be entered with prejudice dismissing all of Plaintiffs' claims against Defendants, without costs.

18.    Upon the effective date of the Class Action Stipulation of Settlement, the Court hereby approves the release of the Released Claims as binding and effective as to all Class Members and permanently barring and enjoining such Class Members from asserting any Released Claims in any other action in this or any other court.

19.    The Court shall retain jurisdiction over the Action related to Defendants, the Parties, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court.

20.    The Court approves this Class Action Settlement.

21.    The Court finally finds that Plaintiffs' Counsel, Minami Tamaki, LLP; Stern & Eisenberg, PC and Messina Law Firm, P.C., fairly and adequately represent the interests of the named Plaintiffs and the Settlement Class and hereby finally appoint them as Co-Class Counsel and approves the award to Co-Class Counsel of attorneys' fees in the amount of $500,000.00.

22.    The Plaintiff are each awarded incentive payments of $2,500.00 to be paid from the award of attorneys' fees.

23.    The Court defines the Class as described in the Class Notice and as follows:

7

All NATURAL persons OR ENTITIES who PURCHASED Full SEASON TICKET PACKAGES FROM THE PHILADELPHIA FLYERS FOR the 2011-2012 PHILADELPHIA FLYERS NATIONAL HOCKEY LEAGUE SEASON, AND PAID FOR SUCH PACKAGES IN FULL, EXCEPT FOR (i) DEFENDANTS' SUBSIDIARIES, DIRECTORS, AGENTS, ATTORNEYS, ACCOUNTANTS, CONSULTANTS, AND EMPLOYEES, AND (ii) THE COURT AND ITS EMPLOYEES (hereinfater referred to as the "settlement class," and members thereof as "settlement class members").

IT IS SO ORDERED.

_____

Hon. Douglas E. Arpert,
United States Magistrate Judge

8